IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                    13-CR-124-S

TAYLOR VAUGHN OLIVER,

                    Defendant.



_____

### PLEA AGREEMENT

The defendant, TAYLOR VAUGHN OLIVER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.


### I.      THE PLEA AND POSSIBLE SENTENCE

1.      The defendant agrees to waive indictment and plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 1029(a)(2) (Access Device Fraud) for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.


2.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

1.    That the defendant knowingly used one or more unauthorized access devices at any time during a one year period;

2.    That by one or more such uses during the period beginning February 2, 2013, and ending February 24, 2013, the defendant obtained a thing or things, having an aggregate value of $1,000 or more;

3.    That the defendant acted with intent to defraud; and

4.    That the defendant's conduct in some way affected commerce between one state and other states, or between a state of the United States and a foreign country.

## FACTUAL BASIS

4.      The defendant and the government agree to the following facts, which form

the basis for the entry of the plea of guilty including relevant conduct:

  a.      From February 2, 2013 through February 24, 2013, in the Western
          District of New York and elsewhere, the defendant TAYLOR
          OLIVER, knowingly that he was not authorized to use certain access
          devices, did use such access devices to fraudulently obtain things of
          value in excess of $1,000 dollars, including the following transactions:

     i.      On February 16, 2013, at the Tops Market, Union Road,
             Cheektowaga, New York, the defendant, fraudulently utilized a
             credit card issued by the Royal Bank of Canada (number
             ending in 6703) to purchase a $100 gift card.

     ii.     On February 17, 2013, at Wegman's, Peach Street, Erie,
             Pennsylvania, the defendant, fraudulently utilized a credit card
             issued by the Presidents Choice Financial of Canada (number
             ending in 4365) to purchase items (Three $100 gift cards and a
             greeting card) totaling $321.02.

     iii.    On February 17, 2013, at Giant Eagle locations in Ohio and
             Pennsylvania, the defendant, fraudulently utilized credit cards
             issued by the Royal Bank of Canada (numbers ending in 3714
             and 8043) to purchase various items totaling $2299.19.

  b.      For purposes of relevant conduct, during the period of February 2,
          2013 through February 24, 2013, the defendant utilized more than five
          unauthorized access devices to fraudulently purchase items from Giant
          Eagle Stores valued at $18,053, items from Tops valued at $400, and
          items from Wegman's valued at $321.02, for a total loss of $18,774.02

## III. SENTENCING GUIDELINES

5.      The defendant understands that the Court must consider but is not bound by

the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.     The government and the defendant agree that Guidelines § 2B1.1(a) applies to the offense of conviction and provides for a base offense level of 6.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.     The government and the defendant agree that the following specific offense characteristics do apply:

a.     § 2B1.1(b)(1)(C): the total loss (including relevant conduct) was in excess of $10,000, namely $18,774.02, and thus there is a 4 offense level increase.

b.     the two level increase pursuant to Guidelines § 2B1.1(b)(11)(C)(ii) (offense involved more than 5 access devices);

## ADJUSTED OFFENSE LEVEL

8.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 12.

## ACCEPTANCE OF RESPONSIBILITY

9.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 10.

## CRIMINAL HISTORY CATEGORY

10.     It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.     It is the understanding of the government and the defendant that, with a total offense level of 10 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 6-12 months, a fine of $2,000 to $20,000 and a period of supervised release of 2 to 3 years Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

12.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and

recommendations.   A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13.   The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## III.   STATUTE OF LIMITATIONS

14.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the fraudulent use of unauthorized access devices which is not time barred as of the date of this agreement.   This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## IV.   ALIEN STATUS

15.   The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain and/or reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security.   The defendant understands that any effect that the

defendant's conviction in this action will have upon the defendant's immigration status will be determined by the Department of Homeland Security in a separate proceeding.   The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

### V.   GOVERNMENT RIGHTS AND RESERVATIONS

16.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

17.   At sentencing, the government will move to dismiss the complaint pending under number 13-M-1004.

18.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. <u>APPEAL RIGHTS</u>

19.     The defendant understands and agrees that the Court, at the time of The defendant understands and agrees that the Court, at the time of The defendant understands and agrees that the Court, at the time of sentencing defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

20.     The defendant understands and agrees that the Court, at the time of The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21.     The defendant understands and agrees that the Court, at the time of The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **11**, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. RESTITUTION

22.     The defendant understands that the Court must require restitution in the amount of $18,774.02 to be paid as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A.

23.     The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.  The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing.  The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information.  The defendant agrees to discuss or answer any questions by the United States relating to the

defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office.  The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court.  In addition, the defendant promises that the defendant will make no such transfers in the future.

24.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

25.    The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States.  The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

## IX. FORFEITURE PROVISIONS

26.     As a condition of the plea, the defendant agrees not to contest the administrative forfeiture proceeding of, and agrees to the entry of a declaration of administrative forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 1029, against the following property seized from him on or about March 4, 2013 by the Department of Homeland Security, Homeland Security Investigations:

One Wii Basic Set;
One Wii Deluxe Set;
One iPad 32GB;
One Asus Transformer Pad;
Two Samsung Galaxy Tab 2 10.1;
Two Asus Vivo Tab RT;
Two Wii Remote Plus;
One MacBook Pro Laptop;
One Xbox 360 (320 GB);
One Lowepro Edit 110 Digital/Video Bag;
One Sony Blu-Ray DVD Player; and
Five Parrot Zik Headphones; and
One iPod
One Samsung Galaxy Phone
One Parrot Zik Headphones
One AIP Reader/Writer Drive, Model Number MSR606
One Garmin Nuvi 40
One Black iPod Touch
One Red iPod Touch
One Samsung Ultrabook Laptop, Model Number NP530V3C-A01US
One 2010 iPad
One Garmin Nuvi

27.     The defendant further understand that the aforementioned property is subject to administrative forfeiture proceedings instituted by the Department of Homeland Security, Customs and Border Protection and agrees that he has waived any rights he may have possessed to contest the forfeiture of this property.  The defendant further agrees to execute any documents that the government deems necessary to give full force and effect to this plea agreement.

28.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of assets.  Defendant knowingly, intelligently and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related administrative proceeding referred to within this agreement.  Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States, the State of New York or its subdivisions.

29.     The defendant agrees that forfeiture of the aforementioned assets shall not be deemed an alteration of the defendant's sentence.  Forfeiture of the property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.  The defendant understands that it is in the discretion of the government whether to apply any forfeited proceeds to any

victim loss for restitution and the defendant has no right to object if said forfeited proceeds are not applied in that manner.

30.     In the event the defendant is allowed to withdraw his plea of guilty or in the event this agreement is voided by the Court, it is expressly agreed and understood that the agreement for the administrative forfeiture of the currency and the waiver of the Double Jeopardy Clause are binding upon the defendant and survives the voiding of this agreement.

31.     The defendant freely, voluntarily, knowingly and intelligently waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence, including the forfeiture of the currency as provided in this agreement.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

32.     This plea agreement represents the total agreement between the defendant, TAYLOR VAUGHN OLIVER, and the government.   There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:  _____
     for   JOHN E. ROGOWSKI
          Assistant United States Attorney

Dated: July 11, 2013

-13-

I have read this agreement, which consists of 14 pages. I have had a full opportunity to discuss this agreement with my attorney, FONDA KUBIAK, AFPD. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

TAYLOR VAUGHN OLIVER
Defendant

Dated: July 11, 2013

FONDA KUBIAK, AFPD
Attorney for the Defendant

Dated: July 11, 2013

-14-